## ROBINSON v. DUGAN.

### No. 19,241; February 24, 1894.

35 Pac. 902.

**Estate of Decedent.—In an Action Against the Estate** of decedent, a brother of plaintiff, there was in evidence a paper in the handwriting of decedent, headed "S. R. [plaintiff] in Acct. with W. R., [decedent,] Cr.," reciting by cash a certain amount and by certain articles certain other amounts. A witness testified that he saw decedent hand plaintiff a paper like that in evidence, plaintiff having just before asked decedent what plaintiff had to show that decedent owed him. A witness testified that, on several occasions before and after decedent's death, plaintiff said that decedent did not owe anything. Held, that a finding that decedent was not, at the time of his death, indebted to plaintiff was justified by the evidence.

**Estate of Decedent—Action Against on Claim.—**There was no error in refusing to allow plaintiff to state that the paper introduced by him was in his possession at decedent's death, he having already been permitted to testify that the paper had been in his possession ever since decedent's death, which was, in effect, the same thing.

**Estate of Decedent—Action on Claim—Witness.—**Under Code of Civil Procedure, section 1880, subdivision 3, forbidding a party to an action on a claim against a decedent's estate to testify to facts occurring before decedent's death, plaintiff cannot testify that a paper showing a debt from decedent to him was unpaid at decedent's death.

**Estate of Decedent—Action on Claim.—**A Witness who had stated that plaintiff on several occasions said that decedent owed no debts was properly allowed to state that in those conversations plaintiff made no exception in favor of himself.

APPEAL from Superior Court, Santa Barbara County; W. B. Cope, Judge.

Action by S. G. Robinson against John R. Dugan, administrator of William Robinson, deceased. Judgment for defendant. Plaintiff appeals. Affirmed.

Eugene W. Squier for appellant; E. B. Hall and J. W. Taggart for respondent.

BELCHER, C.—The plaintiff brought this action to recover the sum of $814.50 upon an account alleged to have been stated between himself and William Robinson, in October, 1891. William Robinson died intestate in March, 1892, leaving a small estate, and thereafter the defendant was duly appointed and qualified as administrator thereof. The usual notice to creditors was published, and within the time prescribed the plaintiff presented his claim to defendant as such administrator for allowance, and the same was allowed and approved for $4.50 and disallowed as to the balance. The answer of defendant denied that at the time named, or at any other time, an account was stated, or settled, or agreed to, by or between the plaintiff and said intestate, or that the said estate was indebted to the plaintiff in any sum, other than the $4.50, which was allowed; and averred that all and every indebtedness or liability on the part of said intestate to the plaintiff, except the said $4.50, had been fully paid and discharged before the death of said intestate.

The case was tried by the court without a jury, and among other things it found: "(5) That there was no account stated as between the plaintiff and said deceased, and that said William Robinson, deceased, was not indebted to said plaintiff, and his estate is not liable to plaintiff in any sum or amount other than said $4.50, approved and allowed by defendant as administrator, as aforesaid, and that none of the allegations contained in paragraph 1 of plaintiff's complaint are true."

And as conclusions of law from the facts the court found: "(1) That plaintiff is entitled to be paid, in due course of administration, the sum of $4.50, approved and allowed by said defendant before the commencement of plaintiff's action herein. (2) That defendant's intestate, William Robinson,

deceased, was not at the time of his decease indebted to said plaintiff in any sum or amount other than said $4.50. (3) That defendant is entitled to judgment," etc.

Judgment was accordingly entered that the plaintiff be paid, in due course of administration, the $4.50 allowed him, and that his action be dismissed, and defendant recover his costs. From this judgment, and an order denying his motion for a new trial, the plaintiff appeals.

It is contended that the judgment should be reversed, because the finding above quoted was not justified by the evidence, and portions of it were inconsistent with other portions thereof, and because the court erred in making certain rulings on the admission of evidence. To show that an account was stated between himself and the decedent, plaintiff introduced in evidence a paper (marked "Plaintiff's Exhibit No. 1") which was proved to be in the handwriting of decedent, and was as follows:

"S. G. Robinson in Acct. with Wm. Robinson.

Cr.

| | | |
|---|---:|---:|
| By cash on settlement | $560 | 00 |
| By cash from McAllester | 250 | 00 |
| Fruit cans | | 75 |
| Pasturage | 1 | 75 |
| Pasturage | 2 | 00 |
| | $814 | 50" |

The plaintiff then called as a witness one McLaughlin, who testified that he knew the plaintiff and decedent in his lifetime; that decedent was sick in Santa Barbara, and went to San Francisco for medical treatment about the month of October, 1891. That, four or five days before he went, witness heard a conversation between him and the plaintiff in which he stated that if he did not get better he would never return to Santa Barbara. That plaintiff then said: "What have I to show that you owe me money?" That decedent then went to his house, and in about fifteen minutes returned and handed to plaintiff a paper which looked exactly like his exhibit No. 1, and that plaintiff said nothing, looked at the paper, and folded it up. "It was about as large as that [exhibit No. 1]. It was about as wide as that. I can't say how long it

was." "He didn't let me see the writing." "I was about as far from them as from here to the stove [across the court-room]. I couldn't swear whether it was just as long as that or not." "It might have been twice as long as this. I couldn't tell." The plaintiff was then called as a witness, and was asked by his counsel: "Mr. Robinson, will you look at this paper [showing witness paper marked 'Plaintiff's Exhibit No. 1'], purporting to be an account stated, and state whether or not this paper was in your possession and unpaid at the time of your brother's death?" The question was objected to and the objection sustained, and thereupon the witness testified: "This paper [exhibit No. 1] has been in my possession ever since the death of William Robinson. The amount, $814.50, has not been paid. None of it has been paid since the death of my brother." It was further proved that decedent stopped in San Francisco about three months, and then returned to Santa Barbara and remained there until he died. One Palmanteer was then called as witness for defendant, and, after stating that he was acquainted with the decedent in his lifetime and with the plaintiff, said: "I have had conversations with S. G. Robinson both before and since his brother's death. . . . . The conversations were about William Robinson's affairs. I had a conversation with S. G. Robinson—I think it was the day before his brother's death—and, among other things, he told me that his brother had money in the bank and owed no debts. I also had some talk with S. G. Robinson a week or so after his brother's death in regard to his brother's affairs. . . . . He stated that there were no debts. He said he had some money in bank. I think six or eight or ten hundred dollars." On cross-examination the witness testified: "I think I had eight or ten conversations with S. G. Robinson—some before and after his brother's death—in relation to settling up the estate. . . . . He told me twice that his brother owed no debts when we were talking about the administration, and once when we were talking about a filly that his brother had given him. . . . . He said that William Robinson was not a man that owed debts; he was not that kind of a man; he did not owe anything; something of that kind." And on redirect examination the witness was asked by counsel for defendant: "Did he [S. G. Robinson] ever, in any of those conversations, make any claim

that William Robinson owed him anything?'' The question was objected to by counsel for plaintiff, and the objection overruled, and the witness then answered: ''I never heard him.'' In rebuttal, the plaintiff testified: ''I may have said to Mr. Palmanteer that William Robinson did not owe any debts, but I did not mean to include myself in it when I was speaking to him.''

In view of this evidence—and there was more in the same line—it is not necessary to determine whether the paper introduced by the plaintiff constituted an account stated; for, conceding that it did, still the account may have been paid and discharged before the decedent's death. The only question, therefore, that need be decided is, Was the finding that ''William Robinson, deceased, was not indebted to said plaintiff, and his estate is not liable to plaintiff, in any sum or amount other than said $4.50,'' justified by the evidence? The question whether all indebtedness from decedent to the plaintiff, other than the $4.50 allowed, had been paid, and whether there was any existing indebtedness on the part of the estate to plaintiff, was one of fact, to be passed upon by the trial court; and on this question the evidence introduced by the defendant raised, in our opinion, at least a substantial conflict. This being so, the finding cannot, under the well-settled rule of this court, be disturbed on appeal. The objection that portions of the finding quoted are inconsistent with other portions thereof is based upon the fact that, by his complaint, the plaintiff sought to recover only on an account stated; and it is said that the finding that no account was stated is wholly inconsistent with the further finding, in effect, that the estate was liable to plaintiff for the sum of $4.50. But there was no issue as to the $4.50. The complaint alleged that that sum was allowed to the plaintiff on presentation of his claim, and the answer admitted and alleged the same facts. We see no merit, therefore, in this objection.

The errors in law relied upon for a reversal of the judgment are: (1) The refusal of the court to permit the plaintiff to answer the question propounded to him as to whether or not the paper (exhibit No. 1) was in his possession and unpaid at the time of his brother's death; and (2) the overruling plaintiff's objection to the question asked of the witness Palmanteer, as to whether the plaintiff in any of the conversa-

tions related made any claim that William Robinson owed him anything. We see no error in either of the rulings complained of. When the plaintiff testified, as he did without objection, that the paper had been in his possession ever since the death of his brother, he in effect stated that it was in his possession at the time of his brother's death. The balance of the question, as to whether the account was then unpaid or not, was intended to elicit evidence which was clearly inadmissible under section 1880, subdivision 3, of the Code of Civil Procedure. The witness Palmanteer had stated that, in the conversations which he had had with the plaintiff, the latter had more than once said that his brother owed no debts —that he did not owe anything—and it was therefore entirely proper to ask him if, in any of those conversations, the plaintiff made any exceptions in favor of himself. The judgment and order appealed from should be affirmed.

We concur: Temple, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.